IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET TURNER MCDONALD,    \*
    \*
    Plaintiff,    \*
    \*    Case No.:  1:15-cv-00158
v.    \*
    \*
PROGRESSIVE SPECIALTY    \*
INSURANCE COMPANY,    \*
    \*
    Defendant.    \*

## NOTICE OF REMOVAL

COMES NOW the Defendant, Progressive Specialty Insurance Company, by and through the undersigned counsel, and removes this case from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, and as grounds therefor, respectfully shows until the Court as follows:

1.    The Plaintiff, Margaret Turner McDonald, is a resident citizen of Baldwin County, Alabama, thus a citizen of the State of Alabama.

2.    Defendant Progressive Specialty Insurance Company is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Ohio, thus a citizen of the State of Ohio.

3.    Jurisdiction herein is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.  Diversity of citizenship is present as the Plaintiff is a resident citizen of Alabama, and is of diverse citizenship than Defendant, which is a citizen of Ohio. Therefore, diversity jurisdiction exists as there exists an amount in controversy of an amount in excess of $75,000.00, as set forth below.

4.      The Plaintiff has brought this lawsuit arising out of a motor vehicle accident that occurred on or about June 5, 2011, in Baldwin County, Alabama. A copy of the entire State Court record is attached hereto as Exhibit "A," and is made a part thereof.  Specifically, Plaintiff Margaret Turner McDonald alleges that the vehicle occupied by her was struck from the rear by a vehicle operated by Kimberly Wells, causing the Plaintiff to suffer injuries to the muscles, tendons and ligaments of her neck, injuries to the cervical and thoraco-cervical regions of the neck, making her sore and lame, bruised and contused, and caused to undergo medical care and treatment for her injuries, with future medical care and treatment, and severe physical pain and mental anguish.  Specifically, as of July 10, 2014, Plaintiff asserted that her medical bills from this accident were $70,771.73.  See, Exhibit "B."

5.      Plaintiff Margaret Turner McDonald settled her claim against Kimberly Wells and her liability insurance coverage, and released Kimberly Wells from all liability, apparently during a mediation in March 2014.

6.      Following the settlement of all claims with Kimberly Wells, Plaintiff demanded Underinsured Motorist benefits from Progressive Specialty Insurance Company.  Specifically, Plaintiff demands underinsured motorist coverage from Progressive Specialty Insurance Company pursuant to a policy of insurance issued by Progressive Specialty Insurance Company to David P. McDonald, Sr., which contains Underinsured Motorist benefits within that policy of $75,000 per person (three vehicles times $25,000 per vehicle).  See Exhibit "C," declarations page of applicable policy.  Plaintiff claimed the entirety of the Underinsured Motorist benefits of $75,000, stating to Progressive Specialty Insurance Company that the value of her claim is $212,315.19.  See, Ex. "B," specifically letters from counsel for Plaintiff dated July 10, 2014 and May 15, 2014.

7.      In the Complaint filed by Margaret Turner McDonald against Progressive Specialty Insurance Company in the Circuit Court of Baldwin County, Alabama, Plaintiff initially sues, in Count I of the Complaint, for Breach of Contract, claiming her injuries from the automobile accident justify "compensatory damages in an amount to be determined by the Court, but not to exceed $74,999.99, plus the costs of this action." That demand appears to be an effort to make this case non-removable to Federal Court; indeed, if the UIM compensatory damages were the only claim by Plaintiff, the case would probably not be removable. However, Plaintiff also includes Count II of the Complaint, asserting Bad Faith refusal to pay the claim for underinsured motorist benefits. The tort of Bad Faith failure of an insurance company to pay a claim has been recognized in Alabama as a separate tort since 1981. See, Chavers v. Nat'l Security Fire & Cas. Co., 405 So. 2d 1 (Ala. 1981). The claim of Bad Faith is a completely separate claim, for purposes of damages, from the claim for Breach of Contract. Obviously, the Breach of Contract claim brings about damages directly from the automobile accident itself, which the Plaintiff has claimed to be as much as $212,315.19; the sole question there is the extent of injuries from the automobile accident; however, Plaintiff recognizes that the compensatory damages being sought would be limited to the UIM coverage, which is $75,000. Plaintiff demands $74,999.99 of that contractual amount for compensatory damages. Separately, and additionally, the tort of Bad Faith, as asserted by Plaintiff, allows recovery of mental distress damages due to the denial of the claim, economic damages due to the denial of the claim, and punitive damages for the denial of the claim. See, Aetna Life Ins. Co. v. Lavoie, 470 So. 2d 1060 (Ala. 1984). By Alabama law, a claim of Bad Faith refusal to pay creates a claim for additional damages over and above the claim for contractual benefits. Thus, the claim of Bad Faith creates a claim for additional compensatory damages, such as mental anguish, and also

punitive damages, all amounts being sought to be over and above the UIM limits of $75,000.  In Count II of the Complaint, Plaintiff specifically seeks damages for Bad Faith an amount "to be determined by the Court, but not to exceed $74,999.99, plus the costs of this action."

8.      Under applicable law, when there is one Plaintiff filing suit against one Defendant, with separate Counts, damages sought in each Count should be aggregated, especially where the Counts are for different "wrongs," and different damages. See Exum v. State Farm Fire and Cas. Co, 821 F. Supp. 2d 1285, 1294 (M.D. Ala. 2011) (stating the rule that "[w]hile the Court may not aggregate the claims of multiple plaintiffs, it may aggregate a single plaintiff's claims resting on various theories of liability," and thus holding that the Plaintiff's specified compensatory damages claimed under Count I for breach of contract were to be aggregated for purposes of determining the jurisdictional amount in controversy with the "the combined value of all of the other claims—including the request for punitive damages—result[ing] in an amount in controversy…that exceeds $75,000"); See also Henry v. Nationwide Ins. Co., 2007 WL 2409817 (S.D. Ala. Aug. 22, 2007) (where the Court held that aggregation of claims is proper under circumstances in which the "Plaintiff's complaint asserts two counts: Count I alleges breach of an insurance contract for failure and refusal to pay plaintiff's claim and seeks compensatory and punitive damages; and Count II alleges bad faith failure to pay and also seeks compensatory and punitive damages"); Hardy v. Jim Walters Homes, Inc., 2007 WL 1889896 (S.D. Ala. June 28, 2007) (citing the settled rule that "claims under separate categories of recovery to which a plaintiff is entitled, compensatory, incidental, or punitive, for example, may be aggregated.").  In this case, Count I of the Complaint seeks $74,999.99 of the contractual benefits of $75,000.  Count II of the Complaint then seeks mental distress for previously failing to pay that amount of money, economic loss for the failure to pay that amount of money, and

4

punitive damages for the failure to pay that amount of money.  Plaintiff also, and additionally, seeks $74,999.99 for that Count of the Complaint.  By applicable law, those two figures should be aggregated, creating a claim herein by Plaintiff in the total amount of $149,999.98.

9.      Based on the allegations in their Complaint, the Plaintiff seeks an amount in controversy greater than $75,000.00, exclusive of interest and costs.  In this case, the Plaintiff demands both compensatory and punitive damages from the Defendant, first for automobile accident injuries and then for the handling of the insurance claim, causing her bodily injuries, pain and suffering, and mental anguish.  Further, she alleges that she has incurred medical expenses for treatment of her injuries and will continue to incur additional medical expenses in the future.  The Court need not discard its "judicial experience and common sense," in assessing the amount in controversy requirements. Roe v. Michelin N.A., Inc., 613 Fed. 3d  1058, 1064 (11th Cir. 2010).  Further, Plaintiff's demand for punitive damages must be factored into the analysis of the amount in controversy. See, Holley Equip. Co. v. Credit Alliance Corp., 821 Fed. 2d 1531, 1535 (11th Cir. 1987).  The Court may find in its judicial experience and common sense that the amount in controversy well exceeds the jurisdictional minimum for compensatory damages alone in compensation of their serious bodily injuries resulting from a collision and then a claim for Bad Faith.  Furthermore, should the jury find in favor of the Plaintiff on the Bad Faith count, an award of punitive damages could well be equal to or greater than the contractual compensatory damages.  In fact, Alabama appellate courts have held that an award of punitive damages three times compensatory damages is not unreasonable.  See, Shiv-Ram, Inc. v. McCaleb, 892 So.2d 299 (Ala. 2003).  This is further evidence that the total damages sought by this Plaintiff exceed the jurisdictional minimum of § 1332.

10.     Upon the filing of this notice, Defendant has given written notice thereof to the attorney for the Plaintiff, and has filed a copy of the removal proceedings and notice with the Clerk of the Circuit Court of Baldwin County, Alabama, in accordance with applicable law.

WHEREFORE, Defendant respectfully prays that the removal of said cause to The United States District Court for the Southern District of Alabama, Southern Division, be effected and that no further or other proceedings may be had with respect to this matter in the Circuit Court of Baldwin County, Alabama, pending a final decision and determination of this controversy in the said United States District Court.

Respectfully submitted this 23rd day of March, 2015.


*/s/ Alex L. Holtsford, Jr.*
ALEX L. HOLTSFORD, JR. (ASB-9586-D62A)
Attorney for Defendant

OF COUNSEL:
HOLTSFORD GILLILAND
HIGGINS HITSON & HOWARD, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:     334-215-8585
Facsimile:     334-215-7101
Email:          aholtsford@hglawpc.com

6

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

C. Andrew Harrell, Jr.
C. Andrew Harrell, Jr., P.C.
PO Box 4850
Gulf Shores, AL 36547
cah@harrellandwhetstone.com
*(Attorney for Plaintiff)*

This the 23rd day of March, 2015.

*/s/ Alex L. Holtsford, Jr.*
OF COUNSEL